UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHARLES THOMAS,

    Plaintiff,

v.   CAUSE NO. 3:20-CV-506-DRL-MGG

SEVIER *et al.*,

    Defendants.

## OPINION AND ORDER

Charles Thomas was a prisoner when he filed an amended complaint against seven defendants. ECF 10. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his amended complaint, Mr. Thomas alleges that, in June and July 2019, his Eighth Amendment rights against cruel and unusual punishment were violated because he was denied a number of meals. He alleges that in early June 2019, Sgt. Flakes stopped him on several occasions on his way to the chow hall and told him to return to his dorm because he was wearing his coat and hat. ECF 1 at 3. Mr. Thomas explained to Sgt. Flakes that he needed to wear a coat and hat because the cold and rainy weather exacerbated his

asthma. *Id*. However, Sgt. Flakes told Mr. Thomas he could not wear his coat and hat in the chow hall, and he would be written up on a disciplinary charge. *Id*. On June 6, 2019, Mr. Thomas filed an informal grievance against Sgt. Flakes and also against Lt. Jones because he "back[ed] up" Sgt. Flakes's decision to send him back to his dorm without having any meals. *Id*. Mr. Thomas asserts he did not do anything wrong, and he should not have been denied his meals. *Id*.

In evaluating an Eighth Amendment conditions of confinement claim, the court conducts both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* Inmates are entitled to be provided with adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). However, "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), and inmates cannot expect the "amenities, conveniences, and services of a good hotel," *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988); *see also Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650 (7th Cir. 2012) ("Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment.").

To the extent Mr. Thomas claims Sgt. Flakes and Lt. Jones violated his Eighth Amendment rights by denying him meals in early June 2019, he has not stated a claim because they did not cause him to miss meals. Rather, Mr. Thomas's refusal to comply

2

with prison rules—not wearing a coat and hat in the chow hall—is what caused him to miss his meals in early June 2019. Therefore, he may not proceed against Sgt. Flakes and Lt. Jones on this claim.

Mr. Thomas next alleges that, on June 19, 2019, when he was on the way to the chow hall, he was stopped by an officer whose name he did not know because he was wearing his coat. ECF 10 at 3. That officer, who Mr. Thomas has named as Sgt. John Doe, instructed him to go back to his dorm. *Id*. However, as a practical matter Mr. Thomas cannot proceed against unnamed defendants. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff."). Furthermore, though he mentions Sgt. Doe in the body of his complaint, he has not listed him as a defendant in the caption of this case. Therefore, he cannot proceed against Sgt. Doe.

Mr. Thomas next states that he asked Educational Complex Director Philip Sonnenberg for Sgt. Doe's name, but Mr. Sonnenberg did not know Sgt. Doe's name. ECF 10 at 4. Because he was unable to find out Sgt. Doe's name, he filed a grievance and directed it to Administrative Assistant David Leonard because he had already notified Mr. Leonard about Sgt. Flakes denying him meals in early June 2019. *Id*. However, because Mr. Leonard was not personally involved in the incidents involving the denial of his meals, Mr. Thomas may not proceed against him. *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003) (§ 1983 suit requires "personal involvement in the alleged constitutional deprivation to support a viable claim."). Furthermore, Mr. Thomas has no

constitutional right to access the grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due-process right to an inmate grievance procedure). Therefore, Mr. Thomas cannot proceed against Mr. Leonard.

On June 20, 2019, Mr. Thomas wrote to Mr. Sonnenberg because he was tired of being denied his meals and his health was at issue given his medical issues because he was not able to receive daily nutrients. ECF 10 at 5. He explained to Mr. Sonnenberg that he had been denied meals by two different sergeants because he wore a coat and hat to the chow hall when it was raining or cold out due to his asthma. *Id*. However, Mr. Thomas never received a response from Mr. Sonnenberg. *Id*. Because Mr. Sonnenberg was not personally involved in denying him meals, Mr. Thomas may not proceed against him. *Palmer*, 327 F.3d at 594.

Next, on July 16, 2019, Mr. Thomas asserts that he was denied his breakfast and lunch meals because he did not have a brown jumpsuit to wear to the chow hall. ECF 10 at 5. He was told his laundry could not be done that day because the facility did not have hot water. *Id*. Mr. Thomas asked C.O. Nowakowski to contact a sergeant to explain the situation. *Id*. 5. He states C.O. Nowakoski laughed at him and told him he had spoken to Lt. Jones, but Lt. Jones said he could not go to the chow hall unless he was wearing a brown jumpsuit or he would be written up for attempted escape. *Id*. at 5-6. Mr. Thomas claims Lt. Jones said he would be better off not eating that day. *Id*. at 6. Mr. Thomas then asked to speak with a captain; however, Lt. Jones denied his request because he was the highest ranking officer on duty that day. *Id.*

Mr. Thomas asserts that, later in the day on July 16, 2019, he spoke to C.O. Williamson and Sgt. Nichols about going to breakfast in the morning because he had been denied his breakfast and lunch meals that day by Lt. Jones. ECF 10 at 6. Sgt. Nichols told Mr. Thomas that the situation was not right, and he would get him fed the next day. *Id*. On the morning of July 17, 2019, Mr. Thomas spoke with C.O. Williamson and asked her to call Sgt. Nichols to see about going to the chow hall for breakfast. *Id*. However, because Sgt. Nichols was not available, she contacted Sgt. Flakes, who told Mr. Thomas he would need to borrow a brown jumpsuit from another inmate to go to the chow hall. *Id*. at 7. Because Mr. Thomas knew that if he borrowed another inmate's jumpsuit he would be written up, he was again denied breakfast and lunch that day. Giving Mr. Thomas the favorable inferences to which he is entitled at this stage, he states plausible Eighth Amendment claims against Lt. Jones and Sgt. Flakes for preventing him from having his breakfast and lunch meals on July 16, 2019, and July 17, 2019, respectively. *See Simmons v. Cook*, 154 F.3d 805, 808 (8th Cir.1998) (concluding that denial of four consecutive meals was a sufficiently serious deprivation).

On July 17, 2019, C.O. Clifford informed Mr. Thomas that Mr. Sonnenberg called and wanted to meet with him. ECF 10 at 8. At the meeting, Mr. Sonnenberg told Mr. Thomas that Warden Galipeau had called him about Mr. Thomas's situation. *Id*. Mr. Thomas explained that he had been denied meals on July 16, 2019, and July 17, 2019, because he did not have a clean jumpsuit to wear to the chow hall. *Id*. Mr. Sonnenberg did not understand why other appropriate clothing was not allowed so that he could eat in the chow hall or why other food had not been brought to his dorm. *Id*. at 8-9.

5

Sonnenberg apologized to him and said he would speak to the officers involved. *Id*. at 9. Because Mr. Thomas describes Mr. Sonnenberg as an individual who tried to rectify the situation, he may not proceed against him.

Furthermore, on September 4, 2019, as Mr. Thomas was leaving the dorm to go to the chow hall, he walked past Sgt. Flakes and she told him to turn around and go back to his dorm because he was wearing his coat and hat. ECF 10 at 9. Mr. Thomas once again told her that he was asthmatic and showed her his nebulizer treatment card. *Id*. He stated to Sgt. Flakes, "[Y]ou know its cold out here. [Y]ou got on a coat yourself." *Id*. She responded to him stating, "[B]oy, turn around and go back to your dorm before I write you up and [I'm] not playing." *Id*. Because he was denied his breakfast and lunch meals that day, he filed another grievance against Sgt. Flakes. *Id*. Here, Mr. Thomas has not stated a claim against Sgt. Flakes because she did not cause him to miss his meals on September 4, 2019. Once again, it was Mr. Thomas's refusal to comply with the prison's rules that caused him to miss his meals. Therefore, he may not proceed on this claim against Sgt. Flakes.

Mr. Thomas has also sued Warden John Galipeau because he did not respond to his letters about the incidents when he was denied meals. ECF 10 at 4-5, 9. As stated, a § 1983 suit requires "personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer*, 327 F.3d at 594. There is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Because Warden Galipeau was not personally involved in any of the alleged incidents,

he cannot be held liable simply because he oversees the operation of the prison or supervises prison staff. Therefore, Mr. Thomas cannot proceed against Warden Galipeau.

Furthermore, to the extent Mr. Thomas has also sued former Warden Mark Sevier, other than simply listing his name in the caption of his case, he never mentions him in the body of his amended complaint. Therefore, he may not proceed against Warden Sevier.

As a final matter, to the extent Mr. Thomas is suing the Indiana Department of Correction (IDOC), it is immune from suit pursuant to the Eleventh Amendment. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). There are three exceptions to Eleventh Amendment immunity: (1) suits directly against the State based on a cause of action where Congress has abrogated the state's immunity from suit; (2) suits directly against the State if the State waived its sovereign immunity; and (3) suits against a State official seeking prospective equitable relief for ongoing violations of federal law. *MCI Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999). Because none of these exceptions apply here, Mr. Thomas cannot proceed against the IDOC.

For these reasons, the court:

(1) GRANTS Charles Thomas leave to proceed against Lt. Jones in his individual capacity for compensatory and punitive damages for denying him breakfast and lunch meals on July 16, 2019, in violation of the Eighth Amendment;

(2) GRANTS Charles Thomas leave to proceed against Sgt. Flakes in her individual capacity for compensatory and punitive damages for denying him breakfast and lunch meals on July 17, 2019, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Warden Mark Sevier, Warden John Galipeau, Administrative Assistant David Leonard, Educational Complex Director Phillip Sonnenberg, and Indiana Department of Correction;

(5) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Lt. Jones and Sgt. Flakes at the Indiana Department of Correction, with a copy of this order and the amended complaint (ECF 10), under 28 U.S.C. § 1915(d);

(6) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Lt. Jones and Sgt. Flakes respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

December 3, 2021  *s/ Damon R. Leichty*
Judge, United States District Court