UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHARLES THOMAS,

          Plaintiff,

    v.                                   CAUSE NO. 3:20-CV-506-DRL-MGG

FLAKES *et al.*,

          Defendants.

OPINION AND ORDER

Charles Thomas, a prisoner without a lawyer, is proceeding in this case on two claims. First, he is proceeding "against Lt. Jones in his individual capacity for compensatory and punitive damages for denying him breakfast and lunch meals on July 16, 2019, in violation of the Eighth Amendment[.]" ECF 18 at 7. Second, he is proceeding "against Sgt. Flakes in her individual capacity for compensatory and punitive damages for denying him breakfast and lunch meals on July 17, 2019, in violation of the Eighth Amendment[.]" *Id.* at 8. On May 10, 2022, the defendants filed a motion for summary judgment, arguing Mr. Thomas did not exhaust his administrative remedies before filing suit. ECF 36. With the motion, the defendants provided Mr. Thomas the notice required by N.D. Ind. L.R. 56-1(f). ECF 39. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response

brief; and (2) a response to statement of material facts, which includes a citation to evidence supporting each dispute of fact. This deadline passed over five months ago, but Mr. Thomas has not responded. Therefore, the court will now rule on the defendants' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v.*

*McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

The defendants provide Mr. Thomas' grievance records and an affidavit from the prison's grievance specialist.[1] The grievance office did not accept any grievances from Mr. Thomas at any point after the incident on July 16, 2019. ECF 36-4. Mr. Thomas attempted to submit four potentially relevant grievances, but the grievance office rejected each of these grievances. ECF 36-1 at 7-8. Specifically, on July 16, 2019, Mr. Thomas submitted a grievance complaining Lt. Jones prevented him from eating and requesting as relief that Lt. Jones be fired. ECF 10-1 at 10; ECF 36-1 at 8. The grievance office returned this grievance to Mr. Thomas because it sought to have staff disciplined, which is not an appropriate remedy through the grievance process. ECF 10-1 at 11; ECF 36-1 at 8. On July 28, 2019, Mr. Thomas submitted a second grievance complaining he was denied a meal on July 16, 2019, and requesting as relief that Sgt. Flakes be punished. ECF 10-1 at 12; ECF 36-1 at 8. This grievance was returned to Mr. Thomas because it asked for staff to be disciplined and did not include proof of an attempt to informally resolve the matter. ECF 10-1 at 14; ECF 36-1 at 8. On October 18, 2019, Mr. Thomas submitted a grievance complaining he was denied meals on September 4, 2019. ECF 36-1 at 7; ECF 36-5 at 3. This

---

[1] Because Mr. Thomas has not responded to the defendants' summary judgment motion, the court accepts the contents of Mr. Thomas' grievance records and the grievance specialist's attestations as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

grievance was returned to Mr. Thomas because he did not provide any proof of an attempt to informally resolve the matter. ECF 36-1 at 7; ECF 36-5 at 1. On September 17, 2020, Mr. Thomas submitted a grievance complaining the grievance specialist had not adequately responded to his previous grievances, including a grievance regarding being denied food. ECF 36-1 at 7; ECF 36-6 at 2. The grievance office rejected this grievance because it did not request relief that was brief, clear, or understandable, and did not specify a date of incident that corresponded to the subject of the grievance. ECF 36-1 at 7; ECF 36-6 at 1. The grievance specialist attests that, for each of these four rejected grievances, Mr. Thomas was allowed to correct and resubmit the grievances to the grievance office within five business days, but he did not do so. ECF 36-1 at 8.

Here, the defendants have provided undisputed evidence Mr. Thomas did not exhaust his administrative remedies prior to filing this lawsuit. Specifically, it is undisputed Mr. Thomas did not submit any grievance that was accepted by the grievance office, and did not utilize the grievance process' procedure to correct and resubmit any of his rejected grievances. Mr. Thomas does not provide any evidence his grievances were improperly rejected or the grievance process was unavailable to him. Thus, the defendants have met their burden to show Mr. Thomas did not exhaust his administrative remedies prior to filing this lawsuit. Summary judgment must be granted.

For these reasons, the court:

(1) GRANTS the defendants' summary judgment motion (ECF 36); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Charles Thomas and to close this case.

4

SO ORDERED.

December 7, 2022                          s/ Damon R. Leichty
                                         Judge, United States District Court